# EXHIBIT A

# Tab 4

STATE OF MINNESOTA                 DISTRICT COURT

COUNTY OF RAMSEY         SECOND JUDICIAL DISTRICT

                                  CASE TYPE: OTHER CIVIL

Case No. : 62-CV-08-10825

| | |
|---|---|
| Workers' Compensation Reinsurance Association, Minnesota Medical Foundation, The Minneapolis Foundation, and Robins Kaplan Miller & Ciresi Foundation for Children, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS WELLS FARGO BANK, N.A. AND ROBERT G. SMITH TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| Wells Fargo Bank, N.A., and Robert G. Smith, | |
| Defendants. | |

Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Robert G. Smith ("Smith") answer Plaintiffs' First Amended Complaint (the "Complaint") and pose affirmative defenses, denying each and every allegation, matter and thing set for in the Complaint, except as otherwise expressly admitted, qualified or answered below. Each paragraph below responds to the corresponding numbered paragraph in Plaintiffs' Complaint.

## ANSWER

1.     Deny.

2.     Deny.

3.     Deny the allegations in the first sentence of Paragraph 3. The remainder of Paragraph 3 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 3 are otherwise denied.

4.     Aver that a Reuters report dated September 17, 2008 quoted Chairman Richard Kovacevich as saying, at a conference in Beverly Hills, California, "I've been through six cycles and this is the only cycle where the problems started with financial services companies" and characterized Kovacevich as conveying that "Wells Fargo lost 4 percent of market share between 2005 and 2007" and otherwise deny the allegations of Paragraph 5.

5.     Aver that Chairman Kovacevich was quoted in a Reuters report on or about September 22, 2008 as stating "It's kind of Finance 101, but apparently they didn't learn" and otherwise deny the allegations of Paragraph 4.

6.     Deny.

7.     Admit that each Plaintiff is a participant in the Wells Fargo securities lending program, and otherwise deny the allegations of Paragraph 7.

8.     Deny.

9.     Admit that Wells Fargo's investment of the cash collateral was the mechanism by which the participants in the securities lending program earned returns and otherwise deny the allegations of Paragraph 9.

10.     Deny.

11.     Aver that the contents of the investment portfolios speak for themselves and otherwise deny the allegations contained in Paragraph 11.

12.     Deny.

13.     Deny.

14.     Deny.

15.    Deny the allegations of the first sentence of Paragraph 15. The remainder of Paragraph 15 purports to state the contents of a document whose terms speak for themselves, and the allegations of Paragraph 15 are otherwise denied.

16.    Deny.

17.    Deny.

18.    Deny.

19.    Deny.

20.    Deny.

21.    Deny.

22.    Deny.

23.    Deny.

24.    Deny.

25.    Deny.

26.    Deny.

27.    Deny.

28.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28.

29.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29.

30.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30.

31.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31.

3

32.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32.

33.    Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33.

34.    Admit.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36.

37.    Admit that the principal office of MMF is in Minneapolis, Minnesota and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

38A.   Deny knowledge or information sufficient to form a belief as to the allegations contained in the first three sentences of Paragraph 38A.  The fourth sentence of Paragraph 38A does not contain allegations and does not require a response.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43.

44.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45

46.     Admit.

47.     Admit the allegations contained in the first two sentences of Paragraph 47.  The third sentence of Paragraph 47 does not contain allegations and does not require a response.

48.     Admit that Wells Fargo is the trustee of the Wells Fargo Trust for Securities Lending, aver that Wells Fargo has acted as the custodial bank for Plaintiffs' securities that were included in the securities lending program, and otherwise deny the allegations contained in the first sentence of Paragraph 48.  Deny the allegations contained in the second sentence of Paragraph 48. Admit that various committees and departments of Wells Fargo have roles in the securities lending program, and otherwise deny the allegations contained in the second sentence of Paragraph 48.  The fourth sentence of Paragraph 48 characterizes documents whose contents speak for themselves, and the allegations of the fourth sentence of Paragraph 48 are otherwise denied.

49.     Paragraph 49 does not contain any allegations and does not require a response.

50.     Admit that Mr. Smith is a Senior Managing Director and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in the first

sentence of Paragraph 50.  Admit the allegations contained in the second sentence of Paragraph 50.  Admit that Mr. Smith has "specialized experience" in securities lending and otherwise deny the allegations contained in Paragraph 50.

51.  Admit.

52.  Deny.

53.  Deny.

54.  Paragraph 54 does not make any allegations and does not require a response.

55.  Admit that for decades, banks and other financial institutions have offered securities lending programs and otherwise deny the allegations contained in Paragraph 55.

56.  Aver that many institutional investors have participated in securities lending programs for many years and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57.  Admit that brokers in the Wells Fargo securities lending program must provide collateral representing at least 102% of the value of the borrowed securities and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57.

58.  Admit.

59.  Deny.

60.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60.

61.  Paragraph 61 quotes and characterizes documents whose terms speak for themselves, and the allegations of Paragraph 61 are otherwise denied.

62.   Paragraph 62 quotes the Wells Fargo website, the content of which speaks for itself, and the allegations of Paragraph 62 are otherwise denied.

63.   Deny.

64.   Deny the allegations contained in the first two sentences of Paragraph 64.  The third sentence of Paragraph 64 quotes a document whose terms speak for themselves, and the allegations of Paragraph 64 are otherwise denied.

65.   Deny.

66.   Deny knowledge or information sufficient to form a belief as to the allegations of Paragraph 66.

67.   Paragraph 67 presents a series of quotations from unidentified documents whose terms, if the documents were specifically identified, would speak for themselves, and the allegations of Paragraph 67 are otherwise denied.

68.   Deny.

69.   Paragraph 69 describes a series of documents whose terms speak for themselves, and the allegations of Paragraph 69 are otherwise denied.

70.   Aver that participants in the securities lending program initiated their involvement by entering into an agreement with Wells Fargo styled a "Securities Lending Agreement" or "Indemnified Securities Lending Agreement," and otherwise deny the allegations of the first sentence of Paragraph 70.  Admit the allegations of the second sentence of Paragraph 70.

71.   Admit.

72.   Paragraph 72 describes a series of documents whose terms speak for themselves, and the allegations of Paragraph 72 are otherwise denied.

73.    The second sentence of Paragraph 73 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 73 are otherwise denied.

74.    Paragraph 74 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 74 are otherwise denied.

75.    Paragraph 75 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 75 are otherwise denied.

76.    Paragraph 76 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 76 are otherwise denied.

77.    Paragraph 77 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 77 are otherwise denied.

78.    Paragraph 78 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 78 are otherwise denied.

79.    Paragraph 79 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 79 are otherwise denied.

80.    Paragraph 80 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 80 are otherwise denied.

81.    Paragraph 81 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 81 are otherwise denied.

82.    Paragraph 82 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 82 are otherwise denied.

83.    Paragraph 83 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 83 are otherwise denied.

84.     Paragraph 84 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 84 are otherwise denied.

85.     Admit the allegations of the first sentence of Paragraph 85. Aver that Wells Fargo was the sole Trustee of the Business Trust and otherwise deny the allegations of the second sentence of Paragraph 85.

86.     Paragraph 86 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 86 are otherwise denied.

87.     Paragraph 87 characterizes and quotes a document whose terms speak for themselves and the allegations of Paragraph 87 are otherwise denied.

88.     Paragraph 88 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 88 are otherwise denied.

89.     Paragraph 89 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 89 are otherwise denied.

90.     Paragraph 90 quotes and characterizes SEC-authored documents whose terms speak for themselves and the allegations of Paragraph 90 are otherwise denied.

91.     Paragraph 91 quotes and characterizes a federal statute and SEC-authored documents whose terms speak for themselves and the allegations of Paragraph 91 are otherwise denied.

92.     Paragraph 92 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 92 are otherwise denied.

93.     Paragraph 93 quotes provisions of a document whose terms speak for themselves, and the allegations of Paragraph 93 are otherwise denied.

94.     Paragraph 94 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 94 are otherwise denied.

95.     Admit that Wells Fargo has never declared a suspension of redemption rights under the Declaration of Trust. The second sentence of Paragraph 95 characterizes the terms of a document whose terms speak for themselves, and the allegations of Paragraph 95 are otherwise denied.

96.     Paragraph 96 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 96 are otherwise denied.

97.     Admit.

98.     Admit.

99.     Paragraph 99 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 99 are otherwise denied.

100.    Paragraph 100 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 100 are otherwise denied.

101.    Paragraph 101 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 101 are otherwise denied.

102.    Paragraph 102 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 102 are otherwise denied.

103.    Paragraph 103 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 103 are otherwise denied.

104.    Paragraph 104 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 104 are otherwise denied.

105.   Paragraph 105 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 105 are otherwise denied.

106.   Paragraph 106 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 106 are otherwise denied.

107.   Paragraph 107 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 107 are otherwise denied.

108.   Paragraph 108 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 108 are otherwise denied.

109.   Aver that Investment Guidelines for the Funds were made available to customers, that these guidelines were summarized in the Confidential Memoranda, although the Investment Guidelines themselves were ultimately controlling, and the allegations of Paragraph 109 are otherwise denied.

110.   Paragraph 110 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 110 are otherwise denied.

111.   Paragraph 111 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 111 are otherwise denied.

112.   Paragraph 112 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 112 are otherwise denied.

113.   Paragraph 113 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 113 are otherwise denied.

114.   Paragraph 114 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 114 are otherwise denied.

115.    Paragraph 115 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 115 are otherwise denied.

116.    Paragraph 116 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 116 are otherwise denied.

117.    Deny the allegations contained in the first two sentences of Paragraph 117.  The third sentence of Paragraph 117 characterizes the contents of a document whose terms speak for themselves, and the allegations of the third sentence of Paragraph 117 are otherwise denied.

118.    Paragraph 118 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 118 are otherwise denied.

119.    Paragraph 119 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 119 are otherwise denied.

120.    Paragraph 120 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 120 are otherwise denied.

121.    Deny.

122.    Deny.

123.    Deny.

124.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124, which involve alleged communications that are not sufficiently identified by author, recipient, time or medium.

125.    Paragraph 125 describes and characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 125 are otherwise denied.

126.    Deny.

127.    Deny the allegations contained in the first sentence of Paragraph 127. The second sentence of Paragraph 127 apparently characterizes a document whose terms speak for themselves, and the allegations of Paragraph 127 are otherwise denied.

128.    Deny.

129.    Aver that the standard monthly statements to customers gave detailed information on the securities lent and the earnings of collateral portfolios and that specific lists of collateral portfolios were provided to participants when requested, and the allegations of Paragraph 129 are otherwise denied.

130.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130.

131.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 131. Aver that SIVs may profit on the spread between the yield on its investment portfolio and its cost of funds and otherwise deny the remaining allegations contained in Paragraph 131.

132.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132.

133.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133.

134.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 134.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 135.

136.    Deny.

137.   Aver that Enforcement Events requiring mandatory acceleration and restructuring occurred with respect to commercial paper issued by Cheyne Finance and Stanfield Victoria and otherwise deny the allegations contained in Paragraph 137.

138.   Deny.

139.   Aver that asset-backed and mortgage-backed securities are frequently backed by pools of assets or collateralized by the cash flows from a specified pool of assets and otherwise deny the allegations contained in Paragraph 139.

140.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 140.

141.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained Paragraph 141.

142.   Aver Wells Fargo invested some of the cash collateral from the securities lending program in corporate bonds, admit the allegations in the second sentence of paragraph 142, and otherwise deny the allegations of Paragraph 142.

143.   Deny.

144.   Deny.

145.   Deny.

146.   The second and third sentence of Paragraph 146 apparently characterizes a document whose terms speak for themselves, and the allegations of Paragraph 146 are otherwise denied.

147.   Paragraph 147 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 147 are otherwise denied.

148.    The first three sentences of Paragraph 148 characterize the contents of documents whose terms speak for themselves, and the allegations of Paragraph 148 are otherwise denied.

149.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149, which appear to concern an alleged communication not specifically identified with respect to speaker, medium, recipient or date.

150.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150, which appear to concern an alleged communication not specifically identified with respect to speaker, medium, recipient or date.

151.    Paragraph 151 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 151 are otherwise denied.

152.    Paragraph 152 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 152 are otherwise denied.

153.    Deny.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154, which appear to concern an alleged communication not specifically identified with respect to speaker, medium, recipient or date.

155.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 155 which characterize a communication not identified by specific date, recipient or medium, and the allegations of Paragraph 155 are otherwise denied.

156.    Deny.

157.    Aver that Wells Fargo reported the NAV at par until November 27, 2008, and otherwise deny the remaining allegations of Paragraph 157.

158.    Aver that Wells Fargo valued collateral securities consistent with their fair value by the methods specified by and incorporated into the documents governing the securities lending program and otherwise deny the allegations contained in Paragraph 158.

159.    Deny.

160.    Aver that starting in March 2008, Wells Fargo, consistent with the documents governing the securities lending program, required that participants leaving the collateral trusts take their pro rata share of collateral securities rather than cash in order to maintain fairness among all program participants and otherwise deny the allegations contained in Paragraph 160.

161.    Deny.

162.    Paragraph 162 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 162 are otherwise denied.

163.    Deny.

164.    Deny.

165.    Paragraph 165 quotes a document whose terms speak for themselves, and the allegations of Paragraph 165 are otherwise denied.

166.    Deny.

167.    Paragraph 167 quotes a document whose terms speak for themselves, and the allegations of Paragraph 167 are otherwise denied.

168.    Deny the allegations contained in the first and third sentences of Paragraph 168. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second and fourth sentences of Paragraph 168, which concern alleged communications not specifically identified.

169.    Deny.

170.    Admit that KPMG LLP issued unqualified opinions and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, which concern an alleged communication not sufficiently identified, and otherwise deny the allegations contained in Paragraph 170.

171.    Admit the allegation of the first sentence of Paragraph 171. The fourth sentence of Paragraph 171 quotes a document whose terms speak for themselves, and the allegations of Paragraph 171 are otherwise denied.

172.    Paragraph 172 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 172 are otherwise denied.

173.    Deny.

174.    Deny.

175.    Deny.

176.    Deny.

177.    Deny.

178.    Deny.

179.    Deny.

180.    Paragraph 180 quotes a document whose terms speak for themselves, and the allegations of Paragraph 180 are otherwise denied.

181.    Deny.

182.    Paragraph 182 quotes a document whose terms speak for themselves and the allegations of Paragraph 182 are otherwise denied.

183.    Deny.

184.   Paragraph 184 quotes a document whose terms speak for themselves, and the allegations of Paragraph 184 are otherwise denied.

185.   Paragraph 185 quotes a document whose terms speak for themselves, and the allegations of Paragraph 185 are otherwise denied.

186.   Deny.

187.   Deny.

188.   The second sentence of Paragraph 188 quotes a document whose terms speak for themselves, and the allegations of Paragraph 188 are otherwise denied.

189.   Paragraph 189 quotes a document whose terms speak for themselves, and the allegations of Paragraph 189 are otherwise denied.

190.   Paragraph 190 characterizes and quotes a document whose terms speak for themselves, and the allegations of Paragraph 190 are otherwise denied.

191.   Paragraph 191 characterizes and quotes a document whose terms speak for themselves, and the allegations of Paragraph 191 are otherwise denied.

192.   Deny.

193.   Paragraph 193 characterizes a document whose terms speak for themselves, and the allegations of Paragrah 193 are otherwise denied.

194.   Paragraph 194 characterizes and quotes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 194 are otherwise denied.

195.   Paragraph 195 characterizes and quotes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 195 are otherwise denied.

196.   Paragraph 196 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph are otherwise denied.

197.    Aver that the Cheyne Finance SIV was not in receivership as of October 15, 2007 and otherwise deny the allegations contained in Paragraph 197.

198.    Paragraph 198 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 198 are otherwise denied.

199.    Paragraph 199 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 199 are otherwise denied.

200.    Paragraph 200 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 200 are otherwise denied.

201.    Paragraph 201 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 201 are otherwise denied.

202.    Paragraph 202 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 202 are otherwise denied.

203.    Paragraph 203 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 203 are otherwise denied.

204.    Paragraph 204 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 204 are otherwise denied.

205.    Aver that at various times, Wells Fargo has suggested to customers that they not initiate an immediate withdrawal from the securities lending program that would lock in unrealized losses that might otherwise be mitigated, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205, which concern an alleged communication not specifically identified with respect to the speaker, medium, recipient or date.

206.    Deny.

207.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 207, which amount to generalized depictions of specific alleged communications with at least four different entities without specific identification of those communications, and otherwise deny the allegations contained in Paragraph 207.

208.    Deny.

209.    Deny.

210.    Aver that the four Plaintiffs made divergent, separate, and often internally inconsistent requests regarding their participation in the securities lending program, and otherwise deny the allegations contained in Paragraph 210.

211.    Deny.

212.    Deny.

213.    The second sentence of Paragraph 213 quotes a document whose terms speak for themselves, and the allegations of Paragraph 213 are otherwise denied.

214.    Paragraph 214 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 214 are otherwise denied.

215.    Paragraph 215 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 215 are otherwise denied.

216.    Deny.

217.    Deny.

218.    The second through fifth sentences of Paragraph 218 characterize the content of documents whose terms speak for themselves and the allegations of Paragraph 218 are otherwise denied.

219.    Paragraph 219 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 219 are otherwise denied.

220.    Deny.

221.    Deny.

222.    Aver each plaintiff entered into a Securities Lending Agreement with Wells Fargo and otherwise deny the allegations contained in Paragraph 222.

223.    Admit the allegations of the first sentence of Paragraph 223. The second sentence of Paragraph 223 characterizes the contents of documents whose terms speak for themselves and the allegations of Paragraph 223 are otherwise denied.

224.    Deny.

225.    Aver that plaintiffs have not opted for immediate total withdrawal from the program and realization of losses, and the allegations of Paragraph 225 are otherwise denied.

226.    Deny.

227.    Aver that Wells Fargo has segregated plaintiffs' collateral holdings into separate accounts and otherwise deny the allegations contained in Pargraph 227.

228.    Paragraph 228 inappropriately purports to characterize statements by Wells Fargo that, if true, would be protected by Fed. R. Ev. 408 and does not require a response and should be stricken.

229.    Admit.

230.    Admit.

231.    Paragraph 231 characterizes the contents of documents whose terms speak for themselves, and the allegations of Paragraph 231 are otherwise denied.

232.    Deny.

233.    Aver in January 2007, WCRA had a monthly average loan balance of $204,042,474, aver in November 2007, WCRA had a monthly average loan balance of $293,020,663, and otherwise deny the remaining allegations of Paragraph 233.

234.    Aver in January 2008, WCRA had a monthly average loan balance of $254,508,880, aver in August 2008, WCRA had a monthly average loan balance of $229,875,887, and deny the remaining allegations of Paragraph 234.

235.    Aver that Wells Fargo reported that WCRA's unrealized losses were $1,274,387.66 as of December 31, 2007 and $13,556,790.55, and the allegations contained in Paragraph 235 are otherwise denied.

236.    Deny.

237.    Deny.

238.    Paragraph 238 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 238 are otherwise denied.

239.    Paragraph 239 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 239 are otherwise denied.

240.    Paragraph 240 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 240 are otherwise denied.

241.    Deny.

242.    Aver that WCRA requested a meeting with the Chairman and the Chief Executive Officer of Wells Fargo & Co. and that request was denied and the allegations of Paragraph 242 are otherwise denied.

243.    Paragraph 243 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 243 are otherwise denied.

244.    Deny the allegations in the first sentence of Paragraph 244 and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 244, which appear to concern alleged communications not specifically identified with respect to speaker, medium, recipient or date.

245.    Paragraph 245 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 245 are otherwise denied.

246.    Paragraph 246 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 246 are otherwise denied.

247.    Paragraph 247 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 247 are otherwise denied.

248.    Deny.

249.    Admit.

250.    Admit.

251.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 251.

252.    Deny the allegations of the first sentence of Paragraph 252. Aver that MMF had a monthly average loan balance of $43,093,666 in January 2007, $51,899,716 in November 2007, and otherwise deny the allegations contained in Paragraph 252.

253.    Admit the allegations contained in the second and third sentences of Paragraph 253 and otherwise deny the allegations contained in Paragraph 253.

254.    Aver that MMF's unrealized losses are currently higher than they were at the start of 2008 and otherwise deny the allegations contained in Paragraph 254.

255.    Deny.

256.   Paragraph 256 apparently quotes a document whose terms speak for themselves and the allegations of Paragraph 256 are otherwise denied.

257.   Deny.

258.   The second sentence of Paragraph 258 quotes a document whose terms speak for themselves, and the allegations of Paragraph 258 are otherwise denied.

259.   Paragraph 259 quotes a document whose terms speak for themselves, and the allegations of Paragraph 259 are otherwise denied.

260.   Aver that Wells Fargo provided MMF with a rough calculation of approximately $350,000 in unrealized losses in MMFs securities lending account as of a date in or around early-December, 2007. Aver that MMF had unrealized losses in its securities lending account of $909,791.71 as of May 30, 2008 and $903,891.56 as of June 30, 2008 and otherwise deny the allegations contained in Paragraph 260.

261.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 261, which concern an alleged communication not specifically identified with respect to speaker, medium, recipient or date.

262.   Aver that consistent with the documents governing the securities lending program, since March 2008 distributions to customers leaving the Wells Fargo Trust for Securities Lending have been made in pro rata shares of collateral securities rather than cash in order to insure fairness among participants in the securities lending program, and otherwise deny the allegations contained in Paragraph 262.

263.   Paragraph 263 characterizes the contents of two documents whose terms speak for themselves, and the allegations of Paragraph 263 are otherwise denied.

264.   Paragraph 264 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 264 are otherwise denied.

265.   Paragraph 265 characterizes the contents of two documents whose terms speak for themselves, and the allegations of Paragraph 265 are otherwise denied.

266.   Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 266.

267.   Aver that TMF has participated in the securities lending program of Wells Fargo and its predecessor since at least 1992, and otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 267.

268.   Admit.

269.   Admit.

270.   Deny the allegations contained in the first sentence of Paragraph 270.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 270.   Aver that TMF was converted, on notice and without objection, from a predecessor pool to the EY Fund and otherwise deny the allegations contained in the second sentence of Paragraph 270.

271.   Aver that TMF had a monthly average loan balance of $75,764,533 in January 2007 and $129,525,744 in November 2007 and otherwise deny the allegations contained in Paragraph 271.

272.   Aver that TMF had a monthly average loan balance of $112,044,067 in January 2008 and $93,117,358 and otherwise deny the allegations contained in Paragraph 272.

273. Aver that Wells Fargo reported unrealized loss figures of $1,050,842 as of January 28, 2008 and $2,327,489 as of August 29, 2008 for TMF's securities lending account and otherwise deny the allegations contained in Paragraph 273.

274. Admit.

275. Admit.

276. Deny the allegations contained in the first sentence of Paragraph 276. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 270. Aver that RKMC Foundation was converted, on notice and without objection, from a predecessor pool to the EY Fund and otherwise deny the allegations contained in the second sentence of Paragraph 276.

277. Aver that RKMC Foundation had a monthly average loan balance of $2,527,183 in January 2007 and $4,427,281 in November 2007 and otherwise deny the allegations contained in Paragraph 277.

278. Aver that RKMC Foundation had a monthly average loan balance of $3,951,466 in January 2008 and $3,471,053 in August 2008 and otherwise deny the allegations contained in Paragraph 272.

279. Aver that Wells Fargo reported that as of January 28, 2008 and August 28, 2008, there were unrealized loss figures of $40,317.45 and $93,739.87 respectively in RKMC Foundation's securities lending account, and otherwise deny the allegations contained in Paragraph 279.

280. Paragraph 280 characterizes the contents of a February 8, 2008 letter from Sandra L. Vargas to Robert G. Smith whose terms speak for themselves, and the allegations of Paragraph 280 are otherwise denied.

281.    Paragraph 281 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 281 are otherwise denied.

282.    Paragraph 282 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 28 are otherwise denied.

283.    Paragraph 283 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 283 are otherwise denied.

284.    Paragraph 284 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 284 are otherwise denied.

285.    Paragraph 285 quotes a document whose terms speak for themselves and the allegations of Paragraph 285 are otherwise denied.

286.    Paragraph 286 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 286 are otherwise denied.

287.    Paragraph 287 characterizes the contents of a February 29, 2008 letter from Sandra L. Vargas to Robert G. Smith whose terms speak for themselves, and the allegations of Paragraph 287 are otherwise denied.

288.    Paragraph 288 characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 288 are otherwise denied.

289.    Paragraph 289 apparently describes a document whose terms speak for themselves and the allegations of Paragraph 289 are otherwise denied.

290.    Deny.

291.    The second sentence of Paragraph 291 apparently describes a document whose terms speak for themselves, and the allegations contained in Paragraph 291 are otherwise denied.

27

292.    Paragraph 292(e) characterizes the contents of a document whose terms speak for themselves, and the allegations of Paragraph 292 are otherwise denied.

293.    Paragraph 293 restates previous allegations and does not require a response.

294.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 294.

295.    Aver that securities of Plaintiffs held in custodial accounts at Wells Fargo are personal property of Plaintiffs.

296.    Deny.

297.    Deny.

298.    Deny.

299.    Deny.

300.    Deny.

301.    Paragraph 301 restates previous allegations and does not require a response.

302.    Admit.

303.    Deny.

304.    Deny.

305.    Deny.

306.    Deny.

307.    Paragraph 307 restates previous allegations and does not require a response.

308.    Deny.

309.    Deny.

310.    Deny.

311.    Deny.

312.   Deny.

313.   Deny.

314.   Deny.

315.   Deny.

316.   Paragraph 316 restates previous allegations and does not require a response.

317.   Deny.

318.   Deny.

319.   Deny.

320.   Deny.

321.   Deny.

322.   Deny.

323.   Deny.

324.   Deny.

325.   Deny.

326.   Deny.

327.   Deny.

328.   Deny.

329.   Paragraph 329 restates previous allegations and does not require a response.

330.   Deny.

331.   Deny.

332.   Deny.

333.   Deny.

334.   Deny.

335.   Deny.

336.   Paragraph 336 restates previous allegations and does not require a response.

337.   Admit.

338.   Deny.

339.   Deny.

340.   Deny.

341.   Deny.

342.   Paragraph 342 restates previous allegations and does not require a response.

343.   Deny.

344.   Deny.

345.   Deny.

346.   Deny.

347.   Deny.

348.   Deny.

349.   Deny.

350.   Paragraph 350 restates previous allegations and does not require a response.

351.   Deny.

352.   Deny.

353.   Deny.

354.   Deny.

355.   Deny.

356.   Deny.

357.   Deny.

358.   Deny.

359.   Paragraph 359 restates previous allegations and does not require a response.

360.   Deny.

361.   Deny.

362.   Deny.

363.   Deny.

364.   Deny.

365.   Paragraph 365 repeats previous allegations and does not require a response.

366.   Deny.

367.   Deny.

368.   Deny.

369.   Deny.

370.   Deny.

371.   Paragraph 371 repeats previous allegations and does not require a response.

372.   Deny.

373.   Deny.

374.   Deny.

375.   Paragraph 375 repeats previous allegations and does not require a response.

376.   Deny.

377.   Paragraph 377 recites remedies that Plaintiffs seek and does not require a response.

378.   Paragraph 378 recites remedies that Plaintiffs seek and does not require a response.

379.   Paragraph 379 repeats previous allegations and does not require a response.

380.   Deny.

381.   Deny.

382.   Deny.

383.   Deny.

384.   Deny all allegations contained in headings and titles in the Complaint.

## AFFIRMATIVE DEFENSES

1.   Plaintiffs' claims are barred because any reliance on their part on alleged misrepresentations, misstatements or omissions was not reasonable or justified.

2.   Plaintiffs' claims are barred by the doctrines of ratification, waiver and estoppel.

3.   Plaintiffs' claims are untimely under the applicable statutes of limitations and repose and the doctrine of laches.

4.   Plaintiffs' claims are barred by the doctrine of unclean hands.

5.   Plaintiffs have stated no actionable claims for damages because any losses they allegedly suffered in their securities lending accounts was offset, in whole or part, by profits from these accounts and profits from purchase of collateral securities of the same quality as the securities that they claim were inappropriate.

6.   Plaintiffs' claims are barred by the doctrines of contributory negligence and comparative fault.

7.   Plaintiffs' claims are barred in whole or part due to their failure to mitigate any damages they have allegedly suffered.

8.   Plaintiffs have failed to state any claims upon which relief can be granted.

9.      Plaintiffs' claims are barred because the alleged misrepresentations, misstatements and omission of which they complain were not made in connection with the purchase or sale of securities.

10.     Plaintiffs' claims are barred due to Plaintiffs' assumption of the risk.

11.     Plaintiffs' suffered no damages.

12.     Plaintiffs' claims are barred by reason of disclaimer.

13.     Plaintiffs' claims are barred because Wells Fargo has an equitable lien over the securities in question.

14.     Plaintiffs' claims are barred because the Plaintiffs agreed that Wells Fargo was to have possession of the securities in question.

15.     Plaintiffs' claims are barred because Well Fargo had a right of possession of the securities in question from a time previous to the suit.

16.     Plaintiffs' claims are barred by the doctrines of impossibility of performance and commercial frustration.

17.     Plaintiffs lack standing to assert the statutory claims made in Counts VIII, IX and X.

18.     Plaintiffs claims under Minn. Stat. § 325F.69 fail because the securities in question are not "merchandise" within the meaning of the statute.

19.     Plaintiffs' claims for unjust enrichment fail because there has been no benefit conferred by Plaintiffs to Defendants.

20.     Plaintiffs' claims for unjust enrichment fail because Defendants did not accept and retain any benefit from Plaintiffs.

33

21.     Plaintiffs' claims under Minn. Stat. § 325F.69 fail because the conduct at issue did not involve a "sale" within the meaning of the statute.

22.     Plaintiffs' claims under Minn. Stat. § 325F.69 fail because the Plaintiffs are not "consumers" within the meaning of the statute.

23.     Plaintiffs' claims under Minn. Stat. § 325F.69 fail because the Defendants did not use any "fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice" within the meaning of the statute.

24.     Plaintiffs' claims under Minn. Stat. § 325F.69 fail because the Plaintiffs fail to show the requisite intent required under the statute.

25.     Plaintiffs' claims under Minn. Stat. § 325F.69 fail because the Plaintiffs' action does not provide any "public benefit."

26.     Plaintiffs' claims under Minn. Stat. § 325F.69 fail because the statute does not permit a private remedy for damages

27.     Plaintiffs' claims under Minn. Stat. § 325D.13 fail because the securities in question are not "merchandise" within the meaning of the statute.

28.     Plaintiffs' claims under Minn. Stat. § 325D.13 fail because the conduct at issue does not involve a "sale" within the meaning of the statute.

29.     Plaintiffs' claims under Minn. Stat. § 325D.13 fail because the Defendants did not knowingly misrepresent, directly or indirectly, the true quality, ingredients or origin of any merchandise within the meaning of the statute.

30.     Plaintiffs' claims under Minn. Stat. § 325D.13 fail because the Plaintiffs are not consumers which fall under the protection of the statute.

31.     Plaintiffs' claims under Minn. Stat. § 325D.44 fail because the conduct at issue is not "in the course of business, vocation, or occupation" within the meaning of the statute.

32.     Plaintiffs' claims under Minn. Stat. § 325D.44 fail because the alleged conduct did not involve "goods or services" within the meaning of the statute.

33.     Plaintiffs' claims under Minn. Stat. § 325D.44 fail because the Plaintiffs fail to show the requisite intent required under the statute.

34.     Plaintiffs' claims under Minn. Stat. § 325D.44 fail because the statute does not permit a private remedy for damages.

35.     Plaintiffs' claims under Minn. Stat. § 325D.44 fail because the conduct at issue is in "compliance with orders or rules of, or a statute administered by, a federal, state, or local governmental agency" as provided under Minn. Stat. § 325D.46(1).

36.     Plaintiffs' claims for damages are barred by the economic loss rule.

37.     Plaintiffs' civil theft claim is preempted by their breach of contract claim.

WHEREFORE, Defendants demand that the Complaint be dismissed with prejudice and costs and that disbursements and reasonable attorneys' fees of this action be awarded, plus such other or further relief as the Court deems just and necessary and that venue for this matter be transferred to the Fourth Judicial District Hennepin County pursuant to Minn. Stat. § 542.06.

Dated: December 30, 2008

**ZELLE, HOFMANN, VOELBEL, MASON &
GETTE LLP**

Lawrence T. Hofmann, Reg. No. 45998
Jonathan F. Mack, Reg. No. 265846
Rory D. Zamansky, Reg. No. 0330620
500 Washington Avenue South
Suite 4000
Minneapolis, MN  55415
lhofmann@zelle.com
jmack@zelle.com
rzamansky@zelle.com
Phone: (612) 339-2020
Fax: (612) 336-9100

**ATTORNEYS FOR DEFENDANTS WELLS
FARGO BANK, N.A. AND ROBERT G. SMITH**

## ACKNOWLEDGEMENT PURSUANT TO MINN.STAT. § 549.211, SUBD. 2

In connection with the Answer and Affirmative Defenses of Wells Fargo Bank, N.A. and

Robert G. Smith to Plaintiffs' First Amended Complaint, the undersigned hereby acknowledges

that, pursuant to Minn.Stat. § 549.211, Subd. 2, costs disbursements, and reasonable attorney and

witness fees may be awarded to the opposing party or parties in this litigation if the Court should

find the undersigned acted in bad faith; asserted a claim or defense that is frivolous and that is

costly to the other party; asserted an unfounded position solely to delay the ordinary course of

the proceedings or to harass; or committed a fraud upon the Court.

Dated: December 30, 2008

_____
Jonathan F. Mack (No. 265846)

330192v1

## AFFIDAVIT OF SERVICE

STATE OF MINNESOTA   )
                             ) ss.
COUNTY OF HENNEPIN  )

Sandy Ellingson, being first duly sworn, deposes and says that she is a Case Assistant at the law offices of Zelle, Hofmann, Voelbel, Mason & Gette LLP, 500 Washington Avenue South, Suite 4000, Minneapolis, Minnesota and that on the 30th day of December, 2008 she served Answer and Affirmative Defenses of Defendants Wells Fargo Bank, N.A. and Robert G. Smith to Plaintiffs' First Amended Complaint

by sending true and correct copies thereof by e-mail and United States Mail to:

> Roberta B. Walburn, Esq.
> Robins, Kaplan, Miller & Ciresi, LLP
> 2800 LaSalle Plaza
> 800 LaSalle Avenue
> Minneapolis, MN 55402-2015
> E-mail: RBWalburn@rkmc.com

Sandy Ellingson

Subscribed and sworn to before
me this 30th day of December, 2008.

Notary Public

MARGARET K. IHINGER
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2010

324746v1